UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Abeth Hashimi,

      Plaintiff,
vs.

Jojule Realty Corporation, and
New York Al Toque Queens Inc.,

      Defendants.

## COMPLAINT

Plaintiff, ABETH HASHIMI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, JOJULE REALTY CORPORATION and NEW YORK AL TOQUE QUEENS INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202)..

**2.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**3.** Plaintiff, ABETH HASHIMI, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffers from a congenital neuromuscular disorder known as

1

Central Nuclear Myopathy, which is characterized by a defect in the cell structure of voluntary muscles, uses a wheelchair for mobility, and is a qualified individual under the ADA.

4. Defendant, JOJULE REALTY CORPORATION, is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, JOJULE REALTY CORPORATION, is the owner of the property located at 83-08 37th Avenue, Jackson Heights, NY 11372 (hereinafter, the "Subject Premises").

5. Defendant, NEW YORK AL TOQUE QUEENS INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "NEW YORK AL TORQUE" located at the Subject Premises.

6. NEW YORK AL TORQUE, a restaurant specializing in South American dishes and offering a diverse selection of latin foods and beverages to the general public in a dine-in setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. The Plaintiff avers that he would enjoy visiting Al Torque as he appreciates the South American ambiance and cuisine, and even the dining experience provided at the establishment. More notably, Plaintiff desires their un asado negro sin it was and the una ensalada de gallina. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

7. On or about January 22, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. On such occasions, the Plaintiff's ability to partake in the services and goods at the Subject Property was constrained, hindered, and thwarted by certain structural barriers, to wit; an interceding step at the zenith of a very steep concrete ramp, hindering any safe wheeled ambulation or entry, and which unequivocally prevented full and equal access and enjoyment to the public accommodation.

8. After coming upon said architectural barrier, including a dangerously sloped ramp and step, the Plaintiff was unable to find any assistance regarding accessible entry points into the premises. Most unjustly, the Plaintiff finding no way of entering, was forced to leave; despite his intent to eat out there, and thus left the public accommodation on each of these occasions.

9. Plaintiff has visited the Subject Property which forms the basis of this lawsuit on multiple occasions, and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate (for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable.

10. Despite the fact that the Plaintiff lives but a few miles from Defendants' Facility, and passes by said restaurant usually multiple times per month, when he is conducting business

matters, errands, or visiting family as well as friends throughout the boroughs, he has been unable to visit this public accommodation. Moreover, the Defendants' Facility is in a locale that Plaintiff dines out at one or two times every month.

11. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without architectural obstructions including but not limited to Margaritas and Ugly Donuts, as well as Oceanic Boil amongst several others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

12. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

13. New York Al Toque is a restaurant to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, he would visit the Restaurant up to a dozen or so times a year for lunches and dinners; considering how appetizing and distinctive such unique dishes and beverages are, when traversing a neighborhood he frequents multiple times a month.

14. More precisely, Plaintiff intends to dine on their diverse variety of South, American cuisine, and particularly piquing his interest are the un asado negro sin it was and the una ensalada de gallina, all of which are quite unique around this Queen's neighborhood. The menu features a variety of indulgent offerings designed for on-site enjoyment, of which the

4

Plaintiff has attempted to eat out at, but was denied due to Defendant's policy of segregation and deliberate indifference to those rights protected under Title III of the ADA.

15. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein, resultant Defendant's policy of wilful indifference to the laws protecting the civil rights of Plaintiff and like situated persons through the greater New York metropolitan area.

16. On or about January 22, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

17. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

18. Plaintiff restates Paragraphs 1-17 as though fully set forth herein.

19. Defendants, JOJULE REALTY CORPORATION and NEW YORK AL TOQUE QUEENS INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.,* and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

20. JOJULE REALTY CORPORATION, as the owner of the Subject Premises, is

5

responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

21. NEW YORK AL TOQUE QUEENS INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

22. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. Inaccessible entrance.
2. Accessible route to establishment not provided as required.
3. Accessible means of egress not provided as required.
4. Non-compliant existing ramp leading to entrance door.
5. Non-compliant slope of ramp exceeds maximum slope allowance.
6. Non-compliant cross slope at ground surface of ramp leading to entrance.
7. Required handrails not provided on both sides of ramp leading to entrance.
8. Compliant landing not provided as required at top of ramp leading to entrance door.

> ADAAG 206 Accessible Routes
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.

> Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 207 Accessible Means of Egress
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 402 Accessible Routes
> ADAAG 402.1 General.
> Accessible routes shall comply with 402.
> ADAAG 402.2 Components.
> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
> ADAAG 405 Ramps
> ADAAG 405.1 General.
> Ramps on accessible routes shall comply with 405.
> ADAAG 405.2 Slope.
> Ramp runs shall have a running slope not steeper than 1:12.
> ADAAG 405.3 Cross Slope.
> Cross slope of ramp runs shall not be steeper than 1:48.
> ADAAG 405.8 Handrails.
> Ramp runs with a rise greater than 6 inches (150 mm) shall have handrails complying with 505.
> ADAAG 505.2 Where Required.
> Handrails shall be provided on both sides of stairs and ramps.
> ADAAG 405.7 Landings.
> Ramps shall have landings at the top and the bottom of each ramp run. Landings shall comply with 405.7.
> ADAAG 405.7.2 Width.
> The landing clear width shall be at least as wide as the widest ramp run leading to the landing.
> ADAAG 405.7.3 Length.
> The landing clear length shall be 60 inches (1525 mm) long minimum.

9. Existing step at top of ramp at entrance door acts as a barrier to accessibility.

   > ADAAG 403 Walking Surfaces
   > ADAAG 403.4 Changes in Level.
   > Changes in level shall comply with 303.
   > ADAAG 303.4 Ramps.
   > Changes in level greater than ½ inch high shall be ramped, and shall comply with

7

      405 or 406.

10. Required minimum maneuvering clearance not provided at entrance door.

11. Non-compliant change in floor level within required maneuvering clearance at entrance door.

      ADAAG 404.2.4 Maneuvering Clearances.
      Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
      ADAAG 404.2.4.4 Floor or Ground Surface.
      Floor or ground surface within required maneuvering clearances shall comply with 302.
      Changes in level are not permitted.

12. Inaccessible dining tables.

13. Required minimum knee and toe clearance not provided at dining tables.

14. A minimum percentage of existing dining tables required to be accessible not provided.

      ADAAG 226 Dining Surfaces and Work Surfaces
      ADAAG 226.1 General.
      Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
      ADAAG 902 Dining Surfaces and Work Surfaces
      ADAAG 902.1 General.
      Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
      ADAAG 902.2 Clear Floor or Ground Space.
      A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
      ADAAG 306.2 Toe Clearance.
      ADAAG 306.2.3 Minimum Required Depth.
      Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
      ADAAG 306.2.5 Width.
      Toe clearance shall be 30 inches (760 mm) wide minimum.
      ADAAG 306.3 Knee Clearance.
      ADAAG 306.3.3 Minimum Required Depth.
      Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

15. Compliant signage identifying the restroom not provided as required.
    ADAAG 216 Signs
    ADAAG 216.1 General.
    Signs shall be provided in accordance with 216 and shall comply with 703.
    ADAAG 216.2 Designations.
    Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5.
    Advisory 216.2 Designations.
    Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.
    Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.
    ADAAG 703.1 General.
    Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided.
    ADAAG 703.4.1 Height Above Finish Floor or Ground.
    Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.
    ADAAG 703.4.2 Location.
    Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leaves, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

16. Inaccessible restroom.

17. Required minimum clear width and maneuvering clearance not provided at restroom door.

ADAAG 404.2.3 Clear Width.
Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.
ADAAG 404.2.4 Maneuvering Clearances.
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

18. Non-compliant door lock at restroom door requires pinching of fingers.

    ADAAG 404 Doors, Doorways, and Gates
    ADAAG 404.1 General.
    Doors, doorways, and gates that are part of an accessible route shall comply with 404.
    ADAAG 404.2.7 Door and Gate Hardware.
    Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4.
    ADAAG 309.4 Operation.
    Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

19. Inaccessible restroom fixtures.

20. Required minimum clear width not provided at travel path to restroom fixtures.

    ADAAG 403 Walking Surfaces
    ADAAG 403.1 General.
    Walking surfaces that are a part of an accessible route shall comply with 403.
    ADAAG 403.5.1 Clear Width.
    Except as provided in 403.5.2 and 403.5.3, the clear width of walking surfaces shall be 36 inches (915 mm) minimum.

21. Required minimum turning space not provided in restroom.

    ADAAG 603 Toilet and Bathing Rooms
    ADAAG 603.1 General.
    Toilet and bathing rooms shall comply with 603.
    ADAAG 603.2 Clearances. Clearances shall comply with 603.2.
    ADAAG 603.2.1 Turning Space.
    Turning space complying with 304 shall be provided within the room.
    ADAAG 304.3.1 Circular Space.
    The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with

306.

22. Required minimum clear floor space not provided at lavatory in restroom.

>ADAAG 606 Lavatories and Sinks.
>ADAAG 606.2 Clear Floor Space.
>A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
>ADAAG 305.3 Size.
>The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

23. Required minimum knee and toe clearance not provided at lavatory in restroom.

>ADAAG 606 Lavatories and Sinks.
>ADAAG 606.2 Clear Floor Space.
>A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
>ADAAG 306.2 Toe Clearance.
>ADAAG 306.2.3 Minimum Required Depth.
>Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
>ADAAG 306.2.5 Width.
>Toe clearance shall be 30 inches (760 mm) wide minimum.
>ADAAG 306.3 Knee Clearance.
>ADAAG 306.3.3 Minimum Required Depth.
>Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
>ADAAG 306.3.5 Width.
>Knee clearance shall be 30 inches (760 mm) wide minimum.

24. Inaccessible mirror in restroom.

25. Non-compliant mounted height of mirror in restroom exceeds maximum height allowance.

>ADAAG 603.3 Mirrors.
>Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
>Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

26. Inaccessible water closet in restroom.

27. Required minimum clearance not provided at water closet in restroom.

> ADAAG 604 Water Closets and Toilet Compartments
> ADAAG 604.3 Clearance.
> Clearances around water closets and in toilet compartments shall comply with 604.3.
> ADAAG 604.3.1 Size.
> Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

28. Required grab bars not provided on rear and side walls of water closet in restroom.

> ADAAG 604 Water Closets and Toilet Compartments
> ADAAG 604.5 Grab Bars.
> Grab bars for water closets shall comply with 609.
> Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

**23.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**24.** In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result

in continued harm.

**25.**   Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**26.**   The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**27.**   Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## **RELIEF SOUGHT**

**28.**   Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**29.**   Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**30.**   Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent

injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

    Respectfully submitted,

    BARDUCCI LAW FIRM, PLLC
    5 West 19th Street, 10th Floor
    New York, NY 10011
    (212) 433-2554

By: /s/ Maria-Costanza Barducci
    Maria-Costanza Barducci, Esq.
    *Attorney for Plaintiff*
    Bar No. 5070487
    MC@BarducciLaw.com